Ex parte Carmen Rivera Bonilla, Petitioner, *v.* Eduardo Font Pacheco, Respondent and Appellant.

No. 7724. Argued April 4, 1938.—Decided July 5, 1938.

*C. Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellant. *Wilson P. Colberg* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

By an open will executed December 14, 1936, Agapito Font Cuevas made disposition of his property, to take effect after his death. He designated as his general executrix his

wife, Carmen Rivera Bonilla, to whom he also bequeathed the disposable portion of his estate and also left to her the usufruct of the statutory portion under the Civil Code. He distributed one-third of his property in equal shares as additional portions among his daughters, born of his marriage to her. He distributed the remaining one-third in equal shares among his grandson Rafael, the son of his son Agapito, whom he had by his first wife Vicenta Roméu, fifteen other children, his issue by his second wife Concepción Pacheco, and the two daughters already mentioned, born of his marriage to Carmen Rivera Bonilla. In order to provide for the payment of the disposable portion and of the betterment portion he designated the houses at Nos. 21 and 23, respectively, on Luna Street, San Juan.

Agapito Font Cuevas died on September 30, 1937, and on October 6 of the same year his widow, Carmen Rivera Bonilla, in her capacity as testamentary executrix, requested the District Court of San Juan to decree the judicial administration of the estate of the decedent and to appoint her in due course administratrix of the estate, in accordance with the preference which the law recognized in her favor as such widow. On the following day she applied for a provisional appointment pending a decision of her motion of October 6. On the 8th she filed another motion withdrawing the former one for her appointment as provisional administratrix. On that same day the court granted her application for leave to withdraw her motion for appointment as provisional administratrix and ordered the summoning by publication of the heirs, legatees, and creditors of the decedent to appear on December 8 and state any reasons they might have in favor of the appointment of a judicial administrator.

Subsequently, on January 28, 1938, she applied to the court for leave also to withdraw her motion filed on September 6 of the previous year, wherein she sought to be appointed judicial administratrix of the estate. Such leave was refused.

On February 8, 1938, the petitioner and appellee filed a motion for an order directing the delivery to her of all the income due and to become due produced by the house, which had been designated in the will of the payment of her legacy, and which is numbered on 23 Luna Street of this city. On March 26, the district court granted this motion ''because in its opinion, under sections 804 and 805 of the Civil Code (1930 ed.), the legatee acquired the ownership of the bequest upon the death of the testator and from that time he is entitled to the delivery of the fruits and income, and the failure to make the liquidation or partition of the estate is no bar thereto.'' It is from this order that Eduardo Font Pacheco has appealed to this court. The appellee now asks us to dismiss the appeal on the grounds, first, that the order appealed from is not appealable, and, second, that, even if it were appealable, the appeal is frivolous.

Section 295 of the Code of Civil Procedure (1933 ed.) provides:

''Section 295.—An appeal may be taken to the Supreme Court from a District Court:

''1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment.

''2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300).

''3. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of the place of trial; from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property, within ten days after the order or interlocutory judgment is made and entered on the minutes of the court or filed with the secretary.''

The order in the case at bar is not covered by the second paragraph of the above section. Nor is it "a special order made after final judgment," since there is none putting an end to the judicial administration. It is not "an interlocutory judgment in an action for partition of real property." Is it perhaps a "final judgment" within the meaning of these words as used in subdivision 1 of section 295 of said code? We do not think so. What is involved is a mere incident in the proceeding, which has not put an end to anything. The judgment which as regards the administrator puts an end to the administration of the estate of the decedent is, according to section 590 of the Code of Civil Procedure (1933 ed.), "the final order, either approving the account as rendered, or modifying and amending it, and charging the executor or administrator, as the law may require, . . ." It is from such final order that under this same section "an appeal may be taken." Were the order appealed from a final judgment under section 295 of the Code of Civil Procedure, the district court could neither modify nor alter in this respect the final accounts as submitted, notwithstanding the express provisions of section 590, *supra,* to the contrary.

The law relative to special legal proceedings specifically provides as to what orders, resolutions or judgments are appealable. Thus, section 553 of the Code of Civil Procedure (1933 ed.), contained in Chapter III dealing with "Declaration of Heirship," prescribes that "an appeal may be taken" from any judgment rendered; and section 604, in Title II which treats of the "Division and Partition of Inheritance," provides for an appeal to the Supreme Court from any order of a district court modifying the partition made of the inheritance. Therefore, as the right of appeal is not an absolute but a statutory right, in specifying those cases where an appeal is allowed the law meant to exclude all others. *Expressio unius est exclusio alterius.*

In opposition to the motion to dismiss the appeal on the ground that the same is improper, the appellant cites the

case of *Becerril* v. *United P. R. Bank,* 50 P.R.R. 484. There we held that the order appealed from was in the nature of a final judgment and hence appealable. The case at bar must necessarily be governed by the statute applicable to special legal proceedings. We have already seen that the statute in question does not allow the right of appeal in such incidents as the one involved herein.

As the order appealed from in the instant case is not appealable, it is unnecessary for us to consider whether the appeal is frivolous. The appeal must be dismissed.

Mr. Justice De Jesús took no part in the decision of this case.